IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HIRA EDUCATIONAL SERVICES OF
NORTH AMERICA,

        Plaintiff,

v.

TOWNSHIP OF SHENANGO, ET AL.,

        Defendants.

18cv0486

**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

Before the Court is Defendant Lamancusa's Motion to Dismiss (doc. no. 54) and Brief in Support of same (doc. no. 55), urging this Court to dismiss this civil rights lawsuit Complaint which asserts that Defendant Lamancusa (and other Defendants) violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and Pennsylvania's Religious Freedom Protection Act ("RFPA"). Specifically, Defendant Lamacusa's Rule 12(b)(6) Motion to Dismiss contends that RLUIPA and the RFPA do not apply to the actions he took in his role as District Attorney, thereby rendering the claim against him unactionable.

At first blush, this seems to be a straightforward legal argument. However, a review of the Complaint clearly illustrates that this is actually a mixed question of law and fact, which cannot be resolved at this juncture of the legal proceedings. For example, paragraph 9 of the Complaint (doc. no. 1) indicates that, "Defendant Lamancusa, along with the District Attorney's Office of Lawrence County, initiated an investigation of the bidding process in relation to the sale of property at issue in this matter." Paragraph 71 of the Complaint further describes the nature of the investigation as one surrounding "the circumstances [of] the recent purchase of the

Lawrence County Youth Development Center" and would solely focus on "the unorthodox bidding pattern that emerged during the bidding process" and not the ethnicity or religious view of the purchaser.  Doc. no. 1.  Finally, paragraph 102 of the Complaint the alleges that "neither Defendant Lamancusa nor the Lawrence County District Attorney's Office launched an investigation against Frewmill Road Property for submitting two bids," which was purportedly "contrary to the treatment of Plaintiff by [Defendant Lamancusa] for the same action."  Id.

The Court must accept these well-pled facts as true at this juncture of the legal proceedings.  Given the above, the Court finds that there are sufficient well-pled facts present in this Complaint to properly assert a cause of action for violations of the RLUIPA and RFPA against Defendant Lamancusa.  A Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 563 n.8 (2007).

Based on the foregoing facts and legal authority the Court **DENIES** Defendant Lamancusa's Motion to Dismiss, without prejudice, as premature.  The issues raised in the Motion to Dismiss (doc. no. 54) include mixed questions of law and fact which cannot be resolved at this time until a more complete record is developed.

                                       **SO ORDERED, this 30th day of May, 2018.**

                                       s/ Arthur J. Schwab
                                       Arthur J. Schwab
                                       United States District Court Judge


cc:      All ECF Registered Counsel of Record