IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

HIRA EDUCATIONAL SERVICES OF NORTH AMERICA,

> *Plaintiff*,

v.

FRANK AUGUSTINE, et al.,

> *Defendants*.

Civil Action No. 2:18-cv-00486-AJS

JUDGE MARILYN J. HORAN

## DEFENDANT LEONATTI'S REPLY BRIEF
## IN SUPPORT OF MOTION FOR SANCTIONS

### INTRODUCTION

Unlike at the Motion to Dismiss stage of litigation, at this point it is undisputed that Defendant Leonatti (1) never has had any control over the property at issue; (2) never has had any control over the contract at issue; and (3) never has had any control over Plaintiff. *See* Pl.'s Renewed Mot. for Prelim. Injun. at 3, ECF 134. It is undisputed that Defendant Leonatti is a private citizen who made some comments at a public meeting. It is undisputed that, *after* Defendant Leonatti's alleged statements, the contract between Plaintiff and Pennsylvania's Department of General Services ("DGS") was executed. Compl. ¶ 60, ECF 1.

### I.     PLAINTIFF CANNOT SUE DEFENDANT LEONATTI UNDER SECTION 1981.

Plaintiff's claim that Defendant Leonatti misrepresents the standard under Section 1981 is preposterous. In making this assertion, Plaintiff emphasizes that "*it is not clear*" whether Section 1981 allows a claim against a defendant who is not a party to the contract at issue. Pl's. Resp. in

1

Opp. to Def. Leonatti's Mot. for Sanctions at 6, ECF 159 ("Pl's. Resp.") (emphasis in original). Indeed, Defendant Leonatti stated as much in his initial brief. Def. Leonatti's Brief in Supp. of Mot. for Sanctions at 4, ECF 158 ("Courts express doubt as to whether a plaintiff *ever* has a 'cause of action under Section 1981 against a third party for interference with the plaintiff's right to make and enforce contracts.'" (quoting *Felton v. Polles*, 315 F.3d 470, 480 (5th Cir. 2002)). And this bright line standard is not necessary for Defendant Leonatti's motion to succeed as Courts are clear—even the non-binding district court cases cited in Plaintiff's response—that, for an action to proceed under Section 1981, the defendant must be "essentially the same" as a party to the contract, *Felton*, 315 F.3d at 480-81 (quoting *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)), and have "exercised control" over the Plaintiff. *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 862 (N.D. Tex. 2008) (collecting cases).

In *Felton*, the Fifth Circuit discussed that it is undecided whether a case under Section 1981 can proceed against a third party. It held that, if a third party could ever be liable, it would only be when that third party is only nominally a third party. *Felton*, 315 F.3d at 480. In *Felton*, a supervisor allegedly discriminated against a State employee who had a contract with the State. The Court assumed, without deciding, that a Section 1981 action could proceed against the supervisor as he was only nominally a third party because, as the suprervisor, he was essentially the same as the State and acting on behalf of the State. *Id.*

The cases Plaintiff cites are no different. In *Whaumbush v. City of Phila.*, the plaintiff alleged a violation of Section 1981 claiming that a city would not contract with it because of racial discrimination. 747 F. Supp. 2d 505, 518-19 (E.D. Pa. 2010). In that case, the defendants were *part of the city government* acting on behalf of the city and, thus, essentially the same as the city. This would be comparable if Plaintiff brought a Section 1981 action against a member of DGS

who, though not technically a party to the contract, was acting on behalf of a party to the contract. It is not comparable whatsoever to an action against a private citizen with no control over the contract.

Plaintiff's reliance on *McClease v. R.R. Donnelley & Sons Co.*, 226 F. Supp. 2d 695 (E.D. Pa. 2002) is even more attenuated. In *McClease*, the plaintiff worked for the defendants as a temporary employee through a temp agency and, thus, the defendants exercised control over the plaintiff. Further, the plaintiff alleged that he was entitled to full time employment with the defendants and, as Section 1981 protects against discrimination in the making of contracts, his case could proceed based on the potential contract between the plaintiff and defendants. *Id.* at 699. Here, Plaintiff did not attempt to make a contract with Defendant Leonatti nor did Defendant Leonatti have control over Plaintiff.

The grey area of whether a third party can be sued under Section 1981 is limited to instances—like the employment context—where the defendant (1) has control over the plaintiff and (2) is essentially the same as the party to the contract. This limit is necessary otherwise Courts will be overrun with lawsuits against anyone who makes a racist comment, particularly dangerous in a time with social media and the internet. Thus, Plaintiff's suit is entirely without merit.

## II.    PLAINTIFF CANNOT SUE FOR DEFAMATION UNDER SECTION 1981.

Plaintiff now claims that its action against Defendant Leonatti is not one for defamation. But this claim defies the facts. Plaintiff claims Defendant Leonatti made a statement to other people, that the statement was incorrect, and that this incorrect statement interfered with its contract. Suit for incorrect statements is a defamation suit whether Plaintiff wants to call it one (which it did) or not (which now, changing course from previous filings with the court, it does not).

Plaintiff characterized the action against Defendant Leonatti in signed court documents as an action against him for "defamatory statements." Memo in Supp. of Pl.'s Renewed Mot. for Prelim. Inj. at 3, ECF 134. Plaintiff asked this Court to enjoin Defendant Leonatti from making "further defamatory statements." Pl.'s Prop. Order at 2, ECF 135. And, in the Complaint, Plaintiff stated its action against Defendant Leonatti was for "baseless, fearmongering statements." Compl. ¶ 140. **Statements.** The *only* facts about Defendant Leonatti's alleged violation of the law relate to two statements that Plaintiff argues are false.[1]

Notably, Plaintiff's filings against Defendant Leonatti up until its response to the motion for sanctions have been completely void of any legal citation. *See* Pl.'s Renewed Mot. for Prelim. Inj., ECF 134; Pl.'s Reply, ECF 152; Pl.'s Mot. for Prelim. Inj., ECF 21; Pl. Reply in Supp. of Prelim. Inj., ECF 113. Now, after doing the research, Plaintiff attempts to backtrack on its signed statements to the Court that its suit against Defendant Leonatti is for "defamatory statements." Memo in Supp. of Pl.'s Renewed Mot. for Prelim. Inj. at 3, ECF 134; Pl.'s Prop. Order at 2, ECF 135. The Court should not allow Plaintiff to walk away from these admissions now that Plaintiff has researched the law.

Even absent these admissions, if Plaintiff no longer wants to call the action against Defendant Leonatti defamation, the fact remains that the claim against Defendant Leonatti is a

---

[1] While it defies reason to characterize either of the alleged statements as "fearmongering," Plaintiff has yet to explain how the second statement—that the community would find it easier to fight against refugee resettlement under President Donald Trump than it would under President Barack Obama—is a baseless, fearmongering statement. Indeed, the law firm representing Plaintiff complains of President Trump's "anti-Muslim rhetoric," https://www.mlfa.org/trumps-denaturalization-task-force-how-we-are-prepared-to-fight-back/#.XDjJHVxKgdU, and hosted a conference to educate on the targeted persecution and prosecution of Muslims in the Trump era. https://www.mlfa.org/eventbrite-event/ahead-of-the-curve-muslims-in-the-trump-era-jonesboro-ar/#.XDjI5VxKgdU. Thus, Plaintiff and Plaintiff's counsel undoubtedly agree that Defendant Leonatti's second so-called "baseless, fearmongering statement" is a true statement or, at the very least, a statement of opinion with which they agree.

defamation suit. Plaintiff's argument that its Complaint does not directly plead a cause of action for defamation, thus the claim against Defendant Leonatti is not one for defamation is nonsensical. Indeed, there is well-settled caselaw that the Civil Rights Act does not give rise to a cause of action for defamation. Obviously, in these cases, violations of the Civil Rights Act were pled, not violations of state law defamation. Otherwise, the caselaw would only discuss state law defamation. But, when an alleged violation of the Civil Rights Act amounts to what is, in essence, a defamation claim, that claim cannot proceed.

For example, in *Azar v. Conley*, the Sixth Circuit considered allegations that defendants violated the Civil Rights Act by "enumerate[d] specific vile and insulting statements which the [defendants] are alleged to have made publicly about [plaintiffs]." 456 F.2d 1382, 1388 (6th Cir. 1972). The allegations were pled, as they are here, as a violation of the Civil Rights Act, not as cause of action for slander. Yet, the Sixth Circuit held that the Complaint "states in substance a cause of action for slander." *Id.* Thus, as "the Civil Rights Act does not give rise to a cause of action for slander," the claim was dismissed. *Id*. at 1389.

Here, the only factual allegations against Defendant Leonatti are that he made statements. This is, in substance, a defamation claim, which is not allowed under the Civil Rights Act. Thus, Plaintiff's claim is meritless, and the Court should grant Defendant Leonatti's Motion for Sanctions.

## III.    PLAINTIFF IS ADVANCING TWO CONTRADICTORY THEORIES AGAINST DIFFERENT DEFENDANTS.

On the one hand, against other Defendants in this action, Plaintiff alleges that they violated the law by passing an ordinance that prohibited Plaintiff from using the property as a commercial school. Pl.'s Renewed Mot. for Prelim. Inj. at 8-9, ECF 134. On the other hand, Plaintiff brings an action against Defendant Leonatti for saying he "thinks" Plaintiff might use the property for

5

refugee resettlement. Plaintiff cannot in good faith contend that it is being discriminated against because some Defendants passed an ordinance prohibiting schools while at the same time advancing the theory that Defendant Leonatti's statement regarding refugee resettlement had any bearing on the contract that was executed after his statements.

## CONCLUSION[2]

If Plaintiff is allowed to proceed with this suit—indeed if Plaintiff is not sanctioned for bringing this suit, which is a blatant attack on a private citizen for exercising his right to free speech—the First Amendment's protections are meaningless. Plaintiff's continued reliance on the order on Defendant's Motion to Dismiss is no longer applicable as, at that stage, Plaintiff had not yet conceded that Defendant Leonatti has no control whatsoever over the property, contract, or Plaintiff. This is now unmistakably clear in the record and admissions in the court filings (though, Plaintiff could not in good faith ever had asserted any different). Plaintiff has not provided this court any caselaw where a plaintiff prevailed under Section 1981 that is remotely similar to the claim it brings against Defendant Leonatti because, on multiple levels, the caselaw demonstrates that this action should never have been filed. This lawsuit is an abuse of the legal process and an attack on Defendant Leonatti for speaking his opinion. For these reasons and those stated in his initial brief, Defendant Leonatti respectfully requests that the Court grant his motion for sanctions.

---

[2] Plaintiff's counsel seems confused in her briefing as to why the document was served on her prior to being filed with the Court. Fed. R. Civ. P. 11(c)(2) requires that a party, prior to filing a motion for sanctions, serve the motion on the offending party. The offending party then has 21 days to correct the errors before the motion can be filed with the Court. This is the exact process that undersigned counsel followed, which is explained not only in the federal rule but also in the Motion for Sanctions. *See* Def. Leonatti's Mot. for Sanctions, Certificate of Service, ECF 157. Plaintiff had 24 days to dismiss its action against Defendant Leonatti and remedy the errors it committed. Plaintiff chose not to do so. Further, while respecting confidentiality, Plaintiff's counsel also ignores the mediation process in discussing the extent counsel conferred on the merits, or lack thereof, of Plaintiff's claim.

Dated: January 11, 2019

Respectfully submitted,

/s/ Kate Oliveri
Kate Oliveri
MI Bar No. P79932
Thomas More Law Center
24 Frank Lloyd Wright Dr.
Suite J3200
Ann Arbor, MI 48106
koliveri@thomasmore.org

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 11, 2019, a true and correct copy of the above was electronically filed and served upon all parties via counsel of record through the Court's CM/ECF System.

/s/ Kate Oliveri
Kate Oliveri